Plaintiff's Name  Robert L. Sanford

Inmate No. V-25176

Address  Growlersburg CC#33

5440 Longview Lane

Georgetown, CA 95634

FILED

JUL 13 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

Robert L. Sanford

(Name of Plaintiff)

vs.

Gavin Newsom, ET AL.

B. Cates

C. Schuyler

_____

_____

(Names of all Defendants)

1:22-cv-01100-ADA-CDB

(Case Number)

**AMENDED CIVIL RIGHTS COMPLAINT UNDER:**

[X]  42 U.S.C. 1983 (State Prisoner)

[ ]  <u>Bivens</u> Action [403 U.S. 388 (1971)] (Federal Prisoner)

RECEIVED

JUL 13 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

**I. Previous Lawsuits (list all other previous or pending lawsuits on additional page):**

A. Have you brought any other lawsuits while a prisoner?  Yes  X    No____

B. If your answer to A is yes, how many?  3

Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.) Plaintiff was injured in 2007 after surgery where DR. Levine failed to adhere to complications that resulted in rupture causing severe pain.

1. Parties to this previous lawsuit:  Dr. Levine, Physician AssT. Nurse, Sowtell

Plaintiff  Robert L. Sanford

Defendants  Dr, Levine et al,m

2. Court (if Federal Court, give name of District; if State Court, give name of County)
U.S. Dist Court Southern District Of California

3. Docket Number  3:08-cv-01049-H-PCL  4. Assigned Judge  M. Huff

5. Disposition  (Was the case dismissed? Appealed?  Is it still pending?)  Appealed to 9th Cir
Dismissed

6. Filing Date (approx.) ___2007___    7. Disposition Date (approx.) ___2010___

## II. Exhaustion of Administrative Remedies

**NOTICE:**    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prior to filing suit, inmates are <u>required</u> to exhaust the available administrative remedy process, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).  If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. *Jones*, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes ___X___  No_____

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes ___x___  No_____

C. Is the process completed?

Yes ___X___         If your answer is yes, briefly explain what happened at each level.

Plaintiff filed a 602 after being infected with Covid-19 On July 14,2020 602 Log# CCI-HC 20000676, expressing that CCI failed to comply with Covid-19 protocols, that placed Plaintiff at an unreasonable risk of harm and imminent danger, that resulted in Plaintiff being injured from this deadly disease the next week, the next month and next year. CCI- denied Plaintiff at every level in his appeal

No_____         If your answer is no, explain why not.

## III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below.  If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

A. Name ___Gavin Newsom___  is employed as ___Governor of California___

Current Address/Place of Employment ___California State Capitol Building___

B. Name Brian Cates is employed as Appointed Warden of CCI

Current Address/Place of Employment Tehachapi State Prison/ CDCR Headquarters

C. Name C. Schuyler is employed as Deputy Assistant Warden of CCI

Current Address/Place of Employment Tehachapi State Prison

D. Name John Doe/Jane Doe is employed as CDCR Employee

Current Address/Place of Employment Tehachapi State Prison

E. Name is employed as

Current Address/Place of Employment

**IV. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

Claim 1: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

Plaintiff was injured at California Correctional Institution (CCI), Where Plaintiff

was subjected to a known deadly contagious disease Covid-19, due to Defendant[s]

failing to comply with protocols, violated Plaintiff's Eighth Amendment rights

Supporting Facts (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 1.):

On June 18th, 2020, Plaintiff was transferred to CCI, from SCC, during the heigt of

Covid Pandemic, after arriving at CCI, an outbreak of Covid 19 occurred at CCI due

to the severe overcrowding of dorms, and failure to follow emergency protective protocols

issued by the United States Government/President Donald Trump, CDC, and State Government

Officials, Plaintiff was infectected with the Covid-19 virus, where defendants placed

Plaintiff in a known dangerous condition, of absolutely no social distancing, severe

overcrowded dorms, no partitions btween bunk beds ; that had over 10 beds in tthem

Continued Claim 1
IV

1

2  along with issuing protective orders for business[es] in California to

3  place protective bearers between work stations, and employees, including

4  partitions between customers in the public, Gavin Newsom failed to implement

5  enforced protocols, for CCI, and his appointed Warden Brian Cates, along with

6  Deputy Warden C. Schyuler, to implement protective protocols, that would

7  have protected plaintiff from injury of contracting the contagious disease

8  that continues to injure Plaintiff the next week, next month and year.

9  Gavin Newsom allowed his appointed Warden, to avoid protocols, that could

10 have prevented Plaintiff's injury, Plaintiff was placed in high risk areas

11 to be housed with known infected inmates that refused to test, and was put

12 in cross contaminated areas, that were not disenfected, or wiped from use

13 from infected inmates within the facility. These acts directly placed

14 placed Plaintiff at an unreasonable risk of harm and danger, that did

15 ultimately injure him on two different occasions at CCI (July 10, 2020,

16 October 2, 2020) where Plaintiff tested both times positive for Covid,

17 suffering form symptoms, of no smell, taste, joint pain, headaches, coughing

18 of blood, and recent memory loss, all contributed to the Long Haulers Effect

19 of contracting Covid -19.

20 Gavin Newsom allowed his appointed warden of CCI to operate his State prison

21 with no direct Covid -19 protocols, or enforcement from preventing him from

22 allowing overcrowded conditions to exist at CCI -E facility, that continued

23 to infect inmates at an alarming rate causing injury and death, where the

24 lack of Government oversight regarding this emergency pandemic failed to

25 act regarding inmates at this facility,  that resulted in Plaintiff being

26 injured the next week, the next month and year.

27 The fact that CCI deliberately mixed inmates that were infected with the

1  the disease on June 28, 2020, where Plaintiff was forced to be crossed

2  contaminated when they were moving Plaintiff from one dorm to another with

3  infected inmates at the same time, including the fact that more inmates were

4  being housed at this facility from reception centers, that caused the out-

5  break on June 19, 2020.

6  The fact that Brian Cates autorized all movement within the CCI facility,

7  along with his Deputy Warden C. Schuyler, who was a direct eyewitness to the

8  severe overcrowded conditions, and mixing of inmates in a dorm with no

9  ventilation, or cleaning, and no available social distancing was putting

10 Plaintiff at a unreasonable risk of harm and danger, when he and another

11 staff Jane Doe, walked through the dorm Plaintiff was housed in on July 5,

12 2020, where Plaintiff directly voiced his concern to the Deputy Warden

13 Schuyler telling him on this day, the dangerous conditions that [I[ was being

14 exposed to, was placing me at an unreasonable risk of contracting this deadly

15 disease, due to the inadequate ventilation, no cleaning, no available social

16 social distancing, no partitions between bunks, and the fact inmates are being

17 mixed in together with inmates that are infected, with inmates that are not.

18 This fact placed plaintiff directly in a known ureasonable risk of harm and

19 danger, that resulted in plaintiff being infected on July 10, 2020, when he

20 again was forced to move into a uncleaned dorm on CCI-E-Facility that

21 resulted in Plaintiff being infected with a known contagious disease that

22 continues to cause plaintff pain and suffering , the nextweek, the next month

23 and year. Plaintiff brings this amended complaint against defendants, because

24 although Plaintiff is a prisoner in the custody of CDCR, the government has

25 an obligation to provide medical care for those whom it is punishing by incarceration

26 An inmate must rely on prison autorities to treat his medical needs; if the

27 authorities fail to do so, those needs will mot be met.

1  The fact that Defendants in this amended action, failed to act is clear
2  that they did not want to act, regardless of what dangers it put Plaintiff
3  in due to his pre-existing medical conditions that placed him at a higher
4  risk of contracting the deadly disease, where now he suffers unnecessary
5  and wanton infliction of pain and suffering.
6  CDCR was absolutely aware of the dangers that Covid-19 hazard means, under
7  (8 CCR 3205) where, they were aware that the potentially infectious material
8  that may contain SARS-CoV-2, the virus that causes Covid-19. As they were
9  clearly aware that potentially infectious materials include airborne droplets,
10 small particle aerosols, and airborne nuclei, which most commonly result
11 from a person or person[s] exhaling, talking or vocalizing, coughing, or
12 sneezing, or from procedures performed on persons which may aerosolize saliva
13 or respiratory tract fluids. This also includes objects or surfaces that may
14 be contaminated with SARS-CoV-2. Plaintiff outlined these facts as to how
15 any and all prventive measures were completely ignored, whereas, defendan[s]
16 failed to act, regarding that protocols, that placed Plaintiff at an unreasonble
17 risk of harm and danger . Whereas, CCI never complied with any of Cal-OSHA
18 standards of protective, orders, regarding cleaning, ventilation, social
19 distancing, and protective beares, that could have prevented plaintiff from
20 being exposed to aknown contagious disease, that causes injury and death
21 Defendants ignored or refused to comply with the guidelines issued by
22 Cal OSHA under §§§§ 32005, 3205.1, 3205.2, 3205.3, CCI, and Defendants in
23 this complaint--- all failed to prevent plaintiff from being exposed to
24 a known contagious disease that continues to injure Plaintiff the next week,
25 the next month and year.
26
27

**V. Relief**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statues.

I want this Court to grant Plaintiff a trial, regarding the facts that caused  Plaintif

to be exposed to a known contagious communicable serious disease, that has ultimately

injured Plaintiff the next week, the next month or year, Plaintiff is seeking punitive

and compensatory damages, from defendants responsible for the injury and pain  and

suffering, for damages in the amount of $1, 500,000.00, along with medical care expenses

for any respiratory related covid medical issues that require hospitalization, and any

other damages this Court finds fair.

**I declare under penalty of perjury that the foregoing is true and correct.**


Date: _____ Signature of Plaintiff: _____


(Revised 4/4/14)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Robert L. Sanford
                    Plaintiff,

v.

Gavin Newsom, et al.,
                    Defendants

Case Number: 1:22-cv-01100-ADA-CDB

PROOF OF SERVICE

I hereby certify that on _____ July 9th, 2023 _____, I served a copy

of the attached __ Amended Civil Rights Complaint _____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at Growlersburg CC#33, 5440 Longview

lane, __ Georgetown, CA 95634 _____:

(List Name and Address of Each          Office of the Attorney General
Defendant or Attorney Served)    Attn: Colin A. Shaff  Deputy Atty Gen.
                                  300 South Spring Street, Suite 1702
                                  Los Angeles, CA 90013-1230

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature of Person Completing Service)