UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SANFORD,<br><br>            Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>            Defendants. | Case No. 1:22-cv-01100-ADA-CDB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS OF JUNE 30, 2023<br><br>(Doc. 20)<br><br>SECOND SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF<br><br>(Doc. 21)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Robert L. Sanford is a state prisoner proceeding pro se in this action filed in the Superior Court of California, County of Kern, and removed to this Court, asserting claims under the California Tort Claims Act arising from his exposure to and contraction of COVID-19 while in custody at California Correctional Institution. (Doc. 1.) The Court has screened Plaintiff's untimely first amended complaint and finds it fails to state a claim upon which relief can be granted.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1   The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are
2   frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary
3   relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28
4   U.S.C. § 1915A(b). The Court must dismiss a complaint if it lacks a cognizable legal theory or
5   fails to allege sufficient facts to support a cognizable legal theory. *O'Neal v. Price*, 877531 F.3d
6   1146, 1151 (9th Cir. 2008) (citing *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006)).

## II.   PLEADING REQUIREMENTS

### A.   Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Id.* at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plausibility does not require probability, but it requires more than the "sheer possibility" of a defendant's liability. *Id.* (quoting *Twombly*, 550 U.S. at 556). A claim is plausible when the facts pleaded allow the court to make reasonable inferences that the defendant is liable for wrongful conduct. *Id.* (quoting *Twombly*, 550 U.S. at 556). However, courts "are not required to indulge unwarranted inferences." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff. *Bruns v. Nat'l Credit Union*

*Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Vague and conclusory allegations of official misconduct are insufficient to withstand a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

### B.   Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)).

To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that a government actor may be liable under section 1983, if he performs an affirmative act, participates in another's affirmative acts, or fails to perform an act which he is legally required to do that causes the prisoner to suffer a deprivation of rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citing *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976)). In addition to direct participation, a government actor may be liable for "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson*, 588 F.2d at 743).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676–77; *Lemire v. Cali. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory liability may be based on inaction in the training and supervision of subordinates. *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson*, 588 F.2d at 743).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970). To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." *Waggy v. Spokane Cnty. Wash.*, 594 F.3d 707, 713 (9th Cir. 2010).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. PLAINTIFF'S ALLEGATIONS

After being transferred to California Correctional Institution ("CCI"), Plaintiff contracted COVID-19 twice in 2020. Plaintiff alleges that Governor Gavin Newsom failed to

4

implement COVID-19 protocols and allowed Warden Brian Cates and Deputy Warden C. Schyuler to operate the prison without COVID-19 protocols. (Doc. 21 at 4.) Plaintiff surmises that, if Defendants had implemented and enforced COVID-19 protocols, "that would have protected plaintiff from injury of contracting the contagious disease that continues to injure Plaintiff . . . ." (*Id.*)

On June 18, 2020, "during the height of [the] Covid Pandemic," Plaintiff was transferred to CCI and "placed in high risk areas." (*Id.* at 3–4.) CCI "deliberately" mixed uninfected inmates such as Plaintiff with infected inmates who refused to be tested. (*Id.* at 4.) These cross-contaminated areas were not disinfected or wiped after use by infected inmates. There was no social distancing or partitions between bunk beds in the overcrowded dorms. (*Id.*) "These acts directly placed . . . Plaintiff at an unreasonable risk of harm and danger" and ultimately injured Plaintiff through his contraction of COVID-19 twice. (*Id.*)

On June 19, 2020, an outbreak of COVID-19 occurred due to severe overcrowding of dorms, particular since more inmates were coming from the reception centers and being housed at CCI. (*Id.* at 5.) Warden Cates authorized all movement within CCI. (*Id.*)

On July 5, 2020, Deputy Warden Schuyler and an unidentified staff member walked through the dorm where Plaintiff was housed. Plaintiff voiced his concerns to Schuyler about the dangerous conditions that placed Plaintiff at an unreasonable risk of contracting COVID-19: inadequate ventilation, no cleaning, no available social distancing, no partitions between bunks, and the mixing of infected inmates and uninfected inmates. (*Id.*)

On July 10, 2020, Plaintiff was "forced" to move into an uncleaned dorm, which resulted in Plaintiff's infection with COVID-19, a known contagious disease. (*Id.*) Plaintiff tested positive a second time on October 2, 2020. Both times, Plaintiff suffered from the symptoms of loss of smell and taste, joint pain, headaches, coughing blood, and memory loss, which "all contributed to the Long Haulers Effect of contracting Covid-19." (*Id.* at 4.)

By his fourth amended complaint, Plaintiff brings an Eighth Amendment claim for deliberate indifference. Plaintiff seeks compensatory and punitive damages for his injuries.

5

## IV. DISCUSSION

### A. Federal Rule of Civil Procedure 11

Rule 11 of the Federal Rules of Civil Procedure requires every pleading to be signed by at least one attorney of record or by the filing party personally if the party is unrepresented. Fed. R. Civ. P. 11(a). Additionally, Local Rule 131(b) provides: "All pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing *in propria persona*." L.R. 131(b). The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

Plaintiff did not sign the complaint. For this reason, the case cannot proceed on this fourth amended complaint as filed.

### B. Official v. Individual Capacity Claims

Plaintiff does not indicate whether he sues Defendants in their personal or official capacities. To the extent Plaintiff is seeking damages, the Eleventh Amendment bars suits for money damages in federal court against state officials in their official capacity. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). However, it does not bar official capacity suit for prospective relief, *Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); nor does it bar suit for damages against state officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S. at 25; *Suever v. Connell*, 579 F.3d 1047, 1060–61 (9th Cir. 2009). Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit. *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994).

Plaintiff only seeks damages, and therefore, the Court presumes Defendants are sued in their official capacities.

### C. Eighth Amendment Deliberate Indifference

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend VIII. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer*, 511 U.S. at 828; *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Write*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle*, 429 U.S. at 102 (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)).

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan*, 465 F.3d at 1045. However, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). This includes the duty to protect inmates from communicable diseases. *Edwards v. Pollard*, No. 3:21-cv-1157-DMS-WVG, 2021 WL 4776328, at *2 (S.D. Cal. Oct. 13, 2021) (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease")).

The treatment a prisoner receives in prison and the conditions of confinement are subject to scrutiny under the Eighth Amendment. *Helling*, 509 U.S. at 31. To state a plausible Eighth Amendment claim, a prisoner must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016). The deliberate indifference standard involves both an objective and a subjective prong. *Id.* First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A deprivation is sufficiently serious if a prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. For a claim based on a

7

failure to prevent harm, the inmate must show that the conditions of confinement pose a "substantial risk of serious harm." *See Farmer*, 511 U.S. at 834 (citing *Helling*, 509 U.S. at 35).

The second prong of this test is subjective and requires the prison official to have a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citing *Wilson*, 501 U.S. at 302–04). In cases challenging conditions of confinement, the plaintiff must show that the prison official acted with "deliberate indifference" to inmate health or safety. *Id.* "Deliberate indifference" entails something more than negligence but less than acts or omissions intended to cause harm or with knowledge that harm will result. *Id.* at 835 (following *Estelle*, 429 U.S. at 104). In *Farmer*, the Supreme Court adopted the following standard:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

511 U.S. at 837. The Supreme Court likened this standard for "deliberate indifference" to "subjective recklessness" as used in criminal law. *See id.* at 839–40.

To prove knowledge of the risk, the prisoner may rely on circumstantial evidence, and the very obviousness of the risk may be sufficient to establish knowledge. *See id.* at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995) (defendants' knowledge of risks of asbestos provable through records and testimony that defendants were aware of the risks and through testimony that plaintiff told a defendant about the hazard). However, where a prison official should have been aware of the risk but was not, there is no Eighth Amendment violation, no matter how severe the risk. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (internal quotation and citation omitted).

"[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [the Supreme Court's] cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. In addition, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably." *Id.* at 844

In determining whether a constitutional violation has occurred, the court must consider the

8

1    circumstances, nature, and duration of the alleged deprivation. *Hearns v. Terhune*, 413 F.3d 1036,
2    1042 (9th Cir. 2005) (quoting *Johnson*, 217 F.3d at 731).

3        A conditions of confinement claim may only be based on a denial of the minimal civilized
4    measure of life's necessities to state a claim under the Eighth Amendment. *Farmer*, 511 U.S. at
5    834. The circumstances, nature, and duration of the deprivations are critical in determining
6    whether the conditions complained of are grave enough to form the basis of a viable Eighth
7    Amendment claim. *Johnson*, 217 F.3d at 731. A prison official may be held liable under the
8    Eighth Amendment for denying humane conditions of confinement only if he knows that inmates
9    face a substantial risk of harm, disregards that risk by failing to take reasonable measures to abate
10   it, and exposes a prisoner to a substantial risk of serious damage to her future health. *Farmer*, 511
11   U.S. at 837–45.

12       **D.**    **COVID-19**

13       It is undisputed that COVID-19 poses a substantial risk of serious harm. *See Plata v.*
14   *Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-
15   19] poses a substantial risk of serious harm" to prisoners.). In particular, the transmissibility of
16   the COVID-19 virus in conjunction with prison living conditions place inmates at a substantial
17   risk of suffering serious harm. *Coleman v. Newsom*, 455 F. Supp.3d 926, 928 n.3, 933 (E.D. Cal.
18   2020).

19       Courts in this district repeatedly have held that a general allegation about a facility's lack
20   of precautions to address COVID-19 fails to state a cognizable Eighth Amendment claim. *E.g.*,
21   *Richardson v. Allison*, No. 1:21-cv-00070-BAK (GSA) (PC) 2022 WL 1409835, at *6 (E.D. Cal.
22   May 4, 2022) (finding that in order to state a cognizable Eighth Amendment claim against the
23   warden, a plaintiff must provide more than general allegations that the warden has "not done
24   enough to control the spread [of COVID-19]"); *Benitez v. Sierra Conservation Ctr., Warden*, No.
25   1:21-cv-0370-BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) ("In order to state a
26   cognizable Eighth Amendment claim against the warden and the Health Executive Officer,
27   Plaintiff must provide more than generalized allegations that the warden and the Health Executive
28   Officer have not done enough regarding control the spread [of COVID-19]."), *F.&R. adopted*,

2021 WL 4593841 (E.D. Cal. Oct. 6, 2021); *Blackwell v. Covello*, No. 20-cv-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (generalized allegations that the warden had not done enough to control the spread of COVID-19 in the prison failed to state a cognizable Eighth Amendment claim); *Booth v. Newsom*, No. 20-cv-1562 AC P, 2020 WL 6741730, at *2–3 (E.D. Cal. Nov. 17, 2020) (*sua sponte* dismissing Eighth Amendment claims against the Governor for "failing to provide adequate means for prisoners to reduce their exposure to COVID-19").

In this instance, Plaintiff alleges that Defendants failed to implement and enforce COVID-19 protocols at CCI that would have protected him from the spread of the COVID-19 virus in the prison. In particular, Plaintiff asserts the facility was overcrowded and insufficiently cleaned, and uninfected and infected inmates were transported and housed together, thereby causing Plaintiff to contract COVID-19.

Plaintiff has not, however, alleged Defendants' personal involvement in the alleged violation of his rights or a causal connection between Defendants' conduct and the violation. *Starr*, 652 F.3d at 1207; *see, e.g.*, *Cedillos v. Youngblood*, No. 1:21-cv-00138-DAD-BAM (PC), 2021 WL 2534534, at *3 (E.D. Cal. June 21, 2021) (concluding that prisoner failed to state Section 1983 claims due to allegations of "failings in social distancing and unclean cells and showers" during COVID-19 pandemic, where plaintiff failed to allege a causal link between defendants and violations); *Sanford v. Eaton*, No. 1:20-cv-00792-BAM (PC), 2021 WL 1172911, at *6 (E.D. Cal. Mar. 29, 2021) (explaining that, to state a cognizable Eighth Amendment claim, "a plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread" of COVID-19); *Stephen v. Tilestone*, No. 2:20-cv-1841 KJN P, 2021 WL 289379, *3 (E.D. Cal. Jan. 28, 2021) (concluding that plaintiff failed to allege Eighth Amendment violation for prison transfer that purportedly put him at extreme risk of contracting COVID-19 because he did not allege facts showing how any particular defendant violated his rights). This is particularly true where it appears Plaintiff has named Defendants in their executive or supervisory capacities. *See Fayle*, 607 F.2d at 862 (causal link between supervisory defendant and the claimed constitutional violation must be specifically alleged); *Ivey*, 673 F.2d at 268 (vague and conclusory allegations

10

are insufficient).

While Plaintiff attempts to link Governor Newsom to Plaintiff's injuries by alleging he "allowed" the other two defendants to operate CCI without COVID-19 protocols, the allegations impermissibly implicate the governor under a theory of *respondeat superior* liability. The fourth amended complaint contains no allegations of personal involvement sufficient to hold Governor Newsom liable for Plaintiff's injuries. Plaintiff alleges Defendant Schuyler and another CCI staff member, at the direction of Warden Cates, toured the facility to assess conditions. Although the allegations do not indicate what actions, if any, were taken following Schuyler's tour, the assessment itself appears to have been in response to the June 2020 outbreak. This undermines Plaintiff's argument that Defendant took no measures to protect inmates from the risks of contracting COVID-19. The factual allegations do not support a claim that Defendants were subjectively, deliberately indifferent to the spread of the disease. Even if the COVID-19 response at the facility was inadequate, "it has not disregarded a known risk or failed to take any steps to address the risk." *Wilson v. Williams*, 961 F.3d 829, 843 (6th Cir. 2020); *Benitez v. Sierra Conservation Center, Warden*, No. 1:21-cv-00370-BAM (PC), 2021 WL 4077960, at *5 (failure to state a claim where defendants implemented some measures to attempt to manage the situation).

Courts have granted wide deference to prison officials' management of the COVID-19 pandemic. *Hamilton v. Allison*, No. 21cv2032-CAB-AHB, 2022 WL 17858021, at *2–3 (S.D. Cal. Dec. 22, 2022). Prison officials are already granted broad discretion, given that the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). The "undertaking is particularly difficult where, as here, prison officials are grappling with a global pandemic." *Singleton v. Cal. Dep't of Corr. & Rehab*, No. 2:20-cv-02958-RGK-ADS, 2020 WL 6587657, at *2 (C.D. Cal. Apr. 3, 2020).

As currently pleaded, the fourth amended complaint fails to state a cognizable Eighth Amendment deliberate indifference claim. Unquestionably, COVID-19 presented a dangerous condition and substantial risk of serious harm during the pandemic, particularly to prisoners who were housed in overcrowded conditions and moved between different dorms and facilities.

Although Plaintiff contracted COVID-19 twice while housed at CCI during a global pandemic, his assertion that he contracted the disease because he was moved into an unclean dorm is conclusory and speculative. Plaintiff has not demonstrated a causal connection between his illnesses and specific acts or omissions to hold any individual defendant liable for his injuries. His generalized allegation that Defendants should have done more to protect him from contracting COVID-19 is insufficient to state a cognizable claim for deliberate indifference to Plaintiff's health and safety in violation of the Eighth Amendment.

## V.     CONCLUSION

The fourth amended complaint is unsigned and is stricken for that reason. Moreover, upon consideration of Plaintiff's allegations, the Court finds that the fourth amended complaint fails to state a cognizable Eighth Amendment claim against any defendant.

Because Plaintiff may be able to cure the deficiencies identified in this Order, the Court grants him leave to file a fifth amendment complaint. The amended complaint shall be no longer than a total of 25 pages, including the text and any exhibits. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his fifth amended complaint. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220. Given the multiple times Plaintiff has amended his complaint, this is Plaintiff's final opportunity to file a complaint that complies with applicable rules and states a cognizable constitutional claim.

Accordingly, it is ORDERED:

1. Plaintiff is GRANTED leave to file a fifth amended complaint;
2. **Within twenty-one (21) days** from the date of service of this Order, Plaintiff shall file a fifth amended complaint, limited to **a total of 25 pages**, curing the deficiencies identified in this Order or, in the alternative, a notice of voluntary dismissal; and
3. No further opportunities to amend the complaint will be granted.

4. The Clerk of Court is directed to send Plaintiff a civil rights complaint form.

**If Plaintiff fails to comply with this Order, the Court will recommend dismissal of this action for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **August 24, 2023**            _____
                                        UNITED STATES MAGISTRATE JUDGE