UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SANFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>  Defendants. | Case No. 1:22-cv-01100-ADA-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO OBEY A COURT ORDER<br><br>(Docs. 21, 22)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Robert L. Sanford is a state prisoner proceeding pro se in this civil rights action proceeding under 42 U.S.C. § 1983. On July 13, 2023, Plaintiff filed an unsigned fourth amended complaint[1] alleging he contracted COVID-19 due to Defendants' deliberate indifference to a substantial risk of serious harm to Plaintiff's health in violation of the Eighth Amendment. (Doc. 20.) The Court screened the fourth amended complaint and found it fails to state a cognizable Eighth Amendment claim against any defendant. (Doc. 22.) The Court granted Plaintiff leave to file a fifth amended complaint within twenty-one days and advised: "**If Plaintiff fails to comply with this Order, the Court will recommend dismissal of this action for failure to state a claim.** (*Id.* at 1–2.)

---

[1] Plaintiff filed this action in the Superior Court for Kern County. Defendants removed the action to this Court on the third amended complaint. (Doc. 1.) Therefore, the fourth amended complaint was the first time he filed an amended complaint in this Court. (Doc. 21.)

More than twenty-one days have passed, and Plaintiff failed to comply with the Court's order by filing a fifth amended complaint. A pro se plaintiff must comply with orders of the Court. *See* L.R. 183. Failure to comply with a court order may be grounds for imposition of sanctions, including dismissal or any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff's failure to advance and prosecute this case by filing a fifth amended complaint is delaying resolution of this litigation. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* Plaintiff's failure to amend his fourth amended complaint, despite being ordered to do so by the Court, is delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and

evidence will become stale." *Id.* at 643. Plaintiff's failure to comply with a court order and to prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Given Plaintiff's incarceration and his indigency, monetary sanctions are of little use. Moreover, at the stage of these proceedings, the preclusion of evidence or witnesses is not available. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, because Plaintiff has disregarded the Court's order, this factor does not weigh completely against dismissal.

After weighing these factors, the Court finds that dismissal is appropriate. Additionally, Plaintiff appears to have abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff no longer wishes to prosecute.

Accordingly, it is hereby RECOMMENDED:

1.  The Court DISMISS this action WITH PREJUDICE for failure to state a claim upon which relief can be granted and failure to obey a court order; and
2.  Direct the Clerk of Court to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file

1  written objections with the Court. The document should be titled, "Objections to Magistrate

2  Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

3  within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*,

4  772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir.

5  1991)).

6  IT IS SO ORDERED.

7  Dated:   **September 25, 2023**

8  UNITED STATES MAGISTRATE JUDGE