UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SANFORD,<br><br>   Plaintiff,<br><br>   v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>   Defendants. | Case No. 1:22-cv-01100-NODJ-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM AND FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>(Doc. 25)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Robert L. Sanford is a state prisoner proceeding pro se in this civil rights action proceeding under 42 U.S.C. § 1983.

**Background**

On July 13, 2023, Plaintiff filed an unsigned fourth amended complaint[1] alleging he contracted COVID-19 due to Defendants' deliberate indifference to a substantial risk of serious harm to Plaintiff's health in violation of the Eighth Amendment. (Doc. 21). The Court screened the fourth amended complaint and found it fails to state a cognizable Eighth Amendment claim against any defendant. (Doc. 22). The Court granted Plaintiff leave to file a fifth amended

---

[1] Plaintiff filed this action in the Superior Court for Kern County. Defendants removed the action to this Court on the third amended complaint. (Doc. 1.) Therefore, the fourth amended complaint was the first time Plaintiff filed an amended complaint in this Court. (Doc. 21.)

complaint within twenty-one days.  When more than twenty-one days passed without Plaintiff filing a fifth amended complaint, the Court entered findings and a recommendation to dismiss the action for Plaintiff's failure to state a claim and failure to obey a court order.  (Doc. 23).

On October 10, 2023, Plaintiff filed objections to the findings and recommendation and requested 45 days within which to file a response to the Court's screening order.  (Doc. 24). Therein, Plaintiff represents he is housed at a camp with no law library and that his documents were misplaced and disposed of in connection with his transition.  The Court withdrew its findings and recommendation and granted Plaintiff 45 days within which to respond to the Court's screening order.  (Doc. 25).

The deadline by which Plaintiff was ordered to file an amended complaint has expired and Plaintiff has failed to comply with the Court's order.

**Appliable Legal Standards**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

1 sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Analysis**

Here, Plaintiff has failed to respond to the Court's screening order. He has filed neither a fifth amended complaint nor a notice of voluntary dismissal. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while no defendant has appeared in this action, the case has been pending for approximately 33 months since it was commenced in state court and for more than one years since it was removed. This matter can proceed no further without Plaintiff's participation and a presumption of injury has arisen from Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped complying with this Court's orders and the Local Rules. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's most recent order requiring a response from Plaintiff cautioned: "**If Plaintiff**

**fails to comply with this Order, the Court will recommend dismissal of this action for failure to state a claim**." (Doc. 25 at 2, emphasis in original). Further, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued August 30, 2022, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 6 at 1). Lastly, Plaintiff has been similarly warned on previous occasions. (*See* Docs. 19 [order issued 4/24/2023], 20 [order issued 6/30/2023], 22 [order issued 8/25/2023], and 23 [order issued 9/25/2023]). Therefore, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with a Court order and this Court's Local Rules. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, in addition to resting on a complaint that fails to state a claim, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

## I.  CONCLUSION AND RECOMMENDATIONS

For the reasons given above, **IT IS HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim upon which relief can be granted, failure to obey court orders and failure to prosecute this action.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

///

///

4

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991))

IT IS SO ORDERED.

Dated:   **December 11, 2023**

UNITED STATES MAGISTRATE JUDGE